UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                Case No. 07-CR-41

RICHARD W. SCHNEIDER,

        Defendant.

**ORDER AFFIRMING MAGISTRATE JUDGE WILLIAM E. CALLAHAN'S DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER**

On February 13, 2007, a grand jury returned a two-count indictment naming Richard W. Schneider as a defendant. The defendant moved to suppress the fruit of a search of his home in Kenosha, Wisconsin on March 5, 2007. Magistrate Judge William E. Callahan recommended that the motion be denied, and the defendant filed a timely objection to the recommendation. This court adopted Judge Callahan's recommendation and denied the defendant's motion on June 15, 2007.

Prior to this court's denial of defendant's motion to suppress, a grand jury returned a superseding three-count indictment against the defendant. In addition to the original counts charging defendant with being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1) and knowingly possessing child pornography in violation of Title 18 U.S.C. § 2252(a)(5)(B), the defendant was charged with one count of knowingly attempting to distribute child pornography in violation of Title 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1). Thereafter, the defendant sought an order severing the firearm count from the counts related to child pornography.

In a decision and order dated June 12, 2007, Judge Callahan granted the defendant's motion to sever and the government timely objected. For the reasons discussed below, Judge Callahan's decision and order will be affirmed, and the defendant's motion to sever will be granted.

A magistrate judge has authority to decide nondispositive motions such as motions to sever, 28 U.S.C. § 636(b)(1)(A), although a party may object, Fed. R. Civ. P. 72(a). The court may set aside the magistrate judge's determination, or any portion of it, if it can be shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clear error standard means that the court can overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The defendant argued misjoinder of the firearm count in violation of Fed. R. Crim. P. 8(a). Alternatively, he asserted that even if the counts were joined improperly under Rule 8(a), they should be severed pursuant to Fed. R. Crim. P. 14(a). The government opposed the defendant's motion arguing that: 1) the motion was untimely because it could have been brought during the first round of motion practice following the original indictment; 2) the defendant failed to demonstrate actual prejudice by the joinder of the three counts as required by Rule 14; 3) the evidence of what was found during the search of the defendant's home would be admissible even if the counts were severed; and 4) any potential prejudice to the defendant could be cured by a jury instruction.

Judge Callahan addressed the government's argument regarding the timeliness of the defendant's motion. Although he recognized that the defendant's motion

could have (and probably should have) been filed during the first round of motions, he considered it because: 1) "the court may grant severance at any time before trial," and 2) "a court should remain vigilant to any prejudice a defendant may suffer by improper or prejudicial joinder, as well as to any improper joinder of offenses once such improper joinder is brought to the court's attention." Decision and Order on Def.'s Mot. to Sever at 4. He then turned to the defendant's argument that joinder of the counts violated Rule 8(a). Because the government did not address the Rule 8(a) argument, Judge Callahan stated that "the court is left with the understanding that the only relationship between the firearm and child pornography counts lies in the fact that both a firearm and child pornography were found during the execution of the search warrant. In my opinion, this is not sufficient to support proper joinder under Rule 8(a)." Decision and Order at 5. Thus, Judge Callahan did not address the defendant's alternative argument regarding prejudicial joinder and severance under Rule 14.

As stated above, this court reviews Judge Callahan's order using a clear error/contrary to law standard. First, the court notes that his decision to consider the merits of the untimely motion was discretionary. Judge Callahan observed that because the severance decision could be made any time prior to trial and courts should remain vigilant to any prejudice suffered by a defendant, he concluded that he would entertain the tardy motion on its merits. Decision and Order at 4. Finding no abuse of discretion, this court is unwilling to disrupt Judge Callahan's decision. Therefore, this court will consider whether joinder of the counts in the instant case violates Rule 8(a).

Fed. R. Crim. P. 8(a) states "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether

felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." As discussed, Judge Callahan found that: 1) the firearm count is not of the same or similar character as the child pornography counts; 2) the government presented no evidence to support the conclusion that the joined counts are based on the same act or transaction; and 3) the government presented no evidence to support a conclusion that the joined counts are connected with or constitute parts of a common scheme or plan. Decision and Order at 6.

Nevertheless, the government objects to those findings stating that "[s]ince the defendant possessed both the child pornography and the firearm at his house at the same time, they were properly joined as connected or part of the same act or transaction." U.S.'s Objection to Magistrate Judge's Decision and Order Regarding Severance at 9-10. Furthermore, the government argues that "joinder is proper because the defendant possessed both contraband items at the same time, and there is a strong policy in favor of joinder to maximize judicial efficiency." *Id.* at 10.

However, the simultaneous possession of the items does not automatically make them part of the same act or transaction and the government provides this court with nothing to show that they were. Moreover, the requirements of Rule 8(a)'s say nothing about joinder being proper as long as it maximizes judicial efficiency. They do, however, provide a list of circumstances under which joinder is proper, and the government has failed to show that any of those circumstances apply in the instant case. Thus, there is no clear error in Judge Callahan's conclusions and no points in his decision that are contrary to law. Therefore,

4

**IT IS ORDERED** that the government's objections to Magistrate Judge Callahan's Decision and Order on Defendant's Motion to Sever is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge
